**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　*Plaintiff-Appellee,*

v.

WILLIE E. GAYLES,
　　　　*Defendant-Appellant.*

No. 01-4221

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CR-99-49)

Submitted: September 25, 2001

Decided: November 5, 2001

Before WILKINS and LUTTIG, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Amy M. Curtis, BOWEN, BRYANT, CHAMPLIN & CARR, Richmond, Virginia, for Appellant. Kenneth E. Melson, United States Attorney, Stephen W. Miller, Assistant United States Attorney, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Willie E. Gayles pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C.A. § 922(g) (West 2000), but reserved his right to appeal the district court's denial of his motion to suppress a handgun seized from him during a pat-down frisk by police officers responding to the sound of gunshots. Finding no error in the district court's determinations, we affirm.

We review the factual findings underlying a motion to suppress for clear error, while the legal determinations are reviewed de novo. *See Ornelas v. United States*, 517 U.S. 690, 699 (1996); *United States v. Rusher*, 966 F.2d 868, 873 (4th Cir. 1992). When a suppression motion has been denied, this court reviews the evidence in the light most favorable to the Government. *See United States v. Seidman*, 156 F.3d 542, 547 (4th Cir. 1998).

In *Terry v. Ohio*, 392 U.S. 1 (1968), the Supreme Court held that, in order to conduct an investigatory stop of an individual, a police officer must have an objectively reasonable suspicion of criminal activity. *Id.* at 20-22. The Court subsequently held that, in evaluating police conduct in a *Terry* stop, courts must consider "the totality of the circumstances—the whole picture." *United States v. Sokolow*, 490 U.S. 1, 8 (1989) (quoting *United States v. Cortez*, 449 U.S. 411, 417 (1981)).

Gayles does not contest that the officers responding to the sound of gunshots reasonably suspected that a crime had occurred, but contends that the officers lacked reasonable suspicion that he, or the group of individuals he was with, were involved in that criminal activity. Our review of the record persuades us that, when the officers encountered Gayles and the other individuals, they reasonably suspected that a crime involving the discharge of a firearm had occurred

at the location where Gayles was found. The officers reasonably believed that Gayles and the other individuals were armed and possibly dangerous. They were therefore justified in conducting a pat-down frisk of those individuals. *See United States v. Moore*, 817 F.2d 1105, 1107 (4th Cir. 1987). The district court did not err in denying Gayles's motion to suppress.

Accordingly, we affirm Gayles' conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*